IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN COFFEY, ON BEHALF OF          )
HIMSELF AND THOSE SIMILARLY        )
SITUATED,                          )
                                   )
            Plaintiff,             )
                                   )          Case No. 6:12-cv-00987-CEH-DAB
v.                                 )
                                   )
DIRECT GENERAL INSURANCE           )
AGENCY, INC., A TENNESSEE          )
CORPORATION,                       )
                                   )
            Defendant.             )

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO DISMISS

Defendant Direct General Insurance Agency, Inc. ("Direct"), by and through its undersigned counsel, hereby responds to Plaintiff John Coffey's Motion To Dismiss and Incorporated Memorandum of Law ("Plaintiff's Motion").  (Doc. 73.)  Direct asks this Court to deny Plaintiff's Motion based on the following:

## I.     INTRODUCTION AND BACKGROUND

Plaintiff's Motion seeks voluntary dismissal of this action without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.  Under Rule 41(a)(2), Plaintiff is not entitled as a matter of right to voluntarily dismiss his case without prejudice.  Defendant asks this Court to exercise its discretion either to deny voluntary dismissal or to award Defendant the expenses it incurred in defending this action as a condition of dismissing this action without prejudice.

In June 2012, Plaintiff Coffey filed this action as a putative collective action against

Defendant Direct (the "Florida Lawsuit"), alleging that Direct violated the FLSA by failing to pay Plaintiff, and those similarly situated agents employed by Direct, the correct amount of overtime compensation.  (Doc. 1.)  The Complaint does not indicate that Plaintiff intended the putative collective action to be nationwide in scope.

When Direct filed its Answer and Affirmative Defenses (Doc. 12), the only persons to file notices of consent to join this action were former employees of Direct who had worked at various locations in Florida.  (Docs. 5, 6, 8.)  Subsequently, additional persons, including several who had not worked for Defendant but had been employed by related entities in other states, filed notices of consent to join the action (collectively, the "Opt-In Plaintiffs").  (Docs. 16, 17, 19, 24, 26-29, 36, 39.)  At the time for exchanging initial disclosures, Direct informed Plaintiff that it had employed only those Opt-In Plaintiffs who worked in Florida.[1]

Plaintiff then filed its Motion for Leave to File Amended Complaint to add a single corporate defendant, Direct General Agency of Georgia, Inc.[2]  (Doc. 30.)  Direct contested the amendment as futile, in that it failed to allege a joint employment theory of liability or a basis for personal jurisdiction over the putative co-defendant.  (Doc. 37.)  The Court agreed and denied amendment.  (Doc. 38.)  Plaintiff has not sought leave to amend the complaint or add additional defendants again.

---

[1] On August 23, 2012, as part of his initial disclosures, Plaintiff produced to Direct documents for certain Opt-In Plaintiffs that facially indicate, by documents in their possession or control (such as W-2 tax statements), that Direct did not employ those Opt-In Plaintiffs.

[2] Plaintiff suggests several times in the Motion to Dismiss that the amendment would have resulted in a case in this District in which all claims were litigated against all Direct General entities as one joint enterprise (Doc. 73 at ¶¶ 3-4, pp.6-7), even though his proposed amendment in fact added only one related sibling corporation, (Doc. 30-2).

Instead, several of the Opt-In Plaintiffs withdrew their consents from this action and filed a separate putative collective action in Tennessee, which names thirteen corporate entities as defendants, including Defendant Direct.  (Doc. 47.); *Thompson v. Direct General Consumer Products, Inc. et al.*, Case No. 3:12-cv-01093, U.S. District Court for the Middle District of Tennessee (the "Tennessee Lawsuit").

Thereafter, instead of voluntarily dismissing the Florida Lawsuit and having the remaining Opt-In Plaintiffs consent to join the Tennessee Lawsuit, Plaintiff filed a Motion to Transfer Venue to the Middle District of Tennessee so that he may seek to consolidate this case with the Tennessee Lawsuit.  (Doc. 48 at 2.)  In support of that motion, Plaintiff attached a copy of Direct's publicly-available corporate registration information showing that the address of Direct's principle office and officers is in Nashville, Tennessee, which address has remain unchanged since Direct registered to do business in Florida in 1997.  Direct opposes the transfer. (Doc. 51.)  Plaintiff's Motion to Transfer Venue has been fully briefed by the parties and is pending before this Court.

The same day Direct filed its opposition to the transfer, Direct filed a Motion for Partial Summary Judgment as to Plaintiff's claims based on the alleged failure of Direct to include commissions in computing Plaintiff's overtime rate of pay, which this Court may resolve as a matter of law.  (Doc. 54.)  In response, Plaintiff moved for either denial of Direct's partial summary judgment motion as premature under Rule 56(d), F.R.C.P., or an extension of time to respond on the merits.  (Doc. 60.)  Direct' partial summary judgment motion and Plaintiff's Rule 56(d) motion remain pending.

At this time, no less than six months after Defendant informed Plaintiff of the

jurisdictional problems in framing the Florida Lawsuit as a nationwide collection action, and despite his pending Motion to Transfer Venue, Plaintiff wishes to voluntarily dismiss this action without prejudice and without paying any of the litigation expenses incurred by Direct in this action.  (Doc. 73 at 7.)  In fact, all of the Opt-In Plaintiffs except Plaintiff Coffey have already withdrawn from this action and have filed consents in the Tennessee Lawsuit.

## II.      STANDARD OF REVIEW

### A. Voluntary Dismissal Under Rule 41(a).

Rule 41(a), Fed. R. Civ. P., governs the ability of a plaintiff to voluntarily dismiss an action.  Once an answer or a summary judgment motion has been filed, a plaintiff may request the court dismiss an action in accordance with Rule 41(a)(2).  *Id.* at 41(a)(1)(A)(i), 41(a)(2).  In such situations, an action may be dismissed "only by court order, upon terms that the court considers proper."  *Id.* at 41(a)(2).  A voluntary dismissal upon order of the court is deemed without prejudice unless the court specifies otherwise.  *Id.*

Under Rule 41(a)(2), "[a] voluntary dismissal without prejudice is not a matter of right."  *Fisher v. P.R. Marine Mgmt., Inc.*, 940 F.2d 1502, 1502 (11th Cir. 1991) (citations omitted).  The decision to grant or deny a voluntary dismissal under Rule 41(a)(2) is within the sound discretion of the court.  *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 857 (11th Cir. 1986) (citations omitted).  In deciding whether to dismiss the plaintiff's case pursuant to Rule 41(a)(2), the court must make three decisions: "(1) whether or not to allow dismissal of the case at all; (2) if the Court allows dismissal, whether it should be with or without prejudice; and (3) if the Court allows dismissal without prejudice, what terms and conditions, if any, should be imposed." *Balthazar v. Balboa Ins. Co.*, 2012 WL 113531, *2 (M.D. Fla.

Jan. 13, 2012) (quoting *Spencer v. Moore Bus. Forms, Inc.*, 87 F.R.D. 118, 199 (N.D. Ga. 1980)).  In exercising its "broad equitable discretion under Rule 41(a)(2)," the district court must "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate."  *Id.* (citations omitted).  The court must bear in mind that Rule 41(a)(2) "exists chiefly for protection of defendants."  *Fisher*, 940 F.2d at 1502.

## B.  Award of Expenses to Defendant Pursuant to Rule 41(a)(2) or Rule 41(d).

The purpose of Rule 41(a)(2) is to prevent voluntary dismissals that unfairly affect the defendant and to enable the court to impose curative conditions that protect the interests of the defendant.  *See McCants*, 781 F.2d at 856.  The conditions attached to a voluntary dismissal may include the payment of at least a portion of the litigation expenses incurred by the defendant, including reasonable attorneys' fees and court costs, or other non-monetary conditions to alleviate the prejudice to defendant.  *See id.* at 860.  "Where the 'practical prejudice' of expenses incurred in defending the action can be 'alleviated by the imposition of costs or other conditions,' the district court does not abuse its 'broad equitable discretion' by dismissing the action without prejudice."  *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1260 (11th Cir. 2011) (quoting *McCants*, 781 F.2d at 859).

District courts have regularly conditioned voluntary dismissal under Rule 41(a)(2) on the prerequisite that a plaintiff shall pay the litigation expenses of the defendant if the plaintiff chooses to re-file the same or substantially similar action against the defendant.  *See*, *e.g.*, *Pontenberg*, 252 F.3d at 1260; *McCants*, 781 F.2d at 859; *Balthazar*, 2012 WL 113531 at *3;  *In Re Mirabilis Ventures, Inc.*, Case No. 6:09-cv-175-Orl-31DAB (M.D. Fla. Order

May 11, 2011); *Heath v. Hard Rock Café Int'l, Inc.*, 2011 WL 1519845, *2 (M.D. Fla. Mar. 8, 2011); *Wright v. Standard Ins. Co.*, 2008 WL 5070228 (M.D. Fla. Nov. 24, 2008); *Young v. Roy's Rest.*, 2006 WL 2598962, *2 (M.D. Fla. Sept. 11, 2006) ("Courts have long held that ordering payment of a defendant's court costs and attorneys' fees is a proper 'condition' for dismissal under Rule 41(a)(2).").   Orders attaching this condition to dismissal have been issued with and without reference Rule 41(d), Fed. R. Civ. P., which explicitly authorizes the court to require the plaintiff to pay all or part the defendant's costs of the dismissed action upon re-filing the action against the same defendant in any court.   Fed. R. Civ. P. 41(d)(1); *see, e.g.*, *Pontenberg*, 252 F.3d at 1256 (relying on Rule 41(d)); *Bishop v. West Am. Inc. Co.*, 95 F.R.D. 494, 495 (N.D. Ga. 1982) (relying on Rule 41(a)(2)).

An assessment of attorneys' fees and costs is chiefly intended to protect a defendant from "the unfairness of duplicative litigation." *Versa Prods., Inc. v. Home Depot, USA, Inc.*, 387 F.3d 1325, 1328 (11th Cir. 2004)."   While the court may require the plaintiff to compensate for all the litigation expenses incurred by defendant, these costs cannot include those expenses for items that will be useful in another action.  *Young*, 2006 WL 2598962 at *2. Awards of costs and fees have been deemed appropriate where the dismissal was for the purpose of re-filing the suit in another jurisdiction or where the defendant "incurred fees and expenses in pursuing matters that would be of no use in subsequent litigation." *Id.*  Examples of such defense costs include those incurred in litigating procedural issues, such as removing an action to federal court, opposing a motion to remand, or opposing a motion for voluntary dismissal, *id.* at *3, and litigating a motion to transfer venue,  *Versa Prods.*, 387 F.3d at 1328.

### III.   PLAINTIFF'S REQUEST FOR VOLUNTARY DISMISSAL SHOULD BE DENIED OR AT LEAST CONDITIONED ON PAYMENT OF DEFENDANT'S LITIGATION EXPENSES

**A.     Voluntary Dismissal Without Prejudice May be Denied.**

Defendant Direct does not consent to the voluntary dismissal of the Florida Lawsuit. Direct prefers litigating Plaintiff's claims in Florida for reasons of convenience and fairness, as it detailed in its opposition to Plaintiff's Motion to Transfer Venue.   (Doc. 51.) Furthermore, Direct's Motion for Partial Summary Judgment, which Direct believes will succeed in disposing of half of the claims against it, is pending before this Court.  (Doc. 54.) Denial of a Rule 41(a)(2) motion for voluntary dismissal where a motion for summary judgment is pending does not constitute an abuse of discretion.  *See McBride v. JLG Indus., Inc.*, 189 Fed. App'x 876, 878 (11th Cir. 2006).  For these reasons, Direct requests the Court deny Plaintiff's request for voluntary dismissal without prejudice.

**B.     Voluntary Dismissal Should be Granted Only in Conjunction With an Award of Direct's Fees and Costs Against Plaintiff.**

Plaintiff has no right to an unconditional voluntary dismissal without prejudice.  Fed. R. Civ. P. 41(a); *Fisher*, 940 F.2d at 1502.  This Court should exercise the discretion afforded it under Rule 41(a)(2), and borne out in the decisional law of the Eleventh Circuit, to award Direct the reasonable attorneys' fees and costs it has incurred in this action.   An award of Direct's fees and costs should not, however, be made contingent exclusively on the re-filing of the same or substantially similar action by the Opt-In Plaintiffs against Direct, because the Tennessee Lawsuit has *already* been filed against Direct.

As an answer and motion for summary judgment have been filed in this case, Plaintiff seeks dismissal pursuant to Rule 41(a)(2).  Accordingly, the Court has a duty to determine

whether voluntary dismissal is proper, whether such the dismissal will be with or without prejudice, and whether terms and conditions should be attached to the dismissal. *Balthazar*, 2012 WL 113531 at *2. While Direct acknowledges that the law of this circuit generally permits Plaintiff to seek voluntary dismissal without prejudice at this stage of the litigation, it also finds ample precedent for the award of Defendant's fees and costs against Plaintiff.

It is well within the broad equitable discretion of this Court to assess against Plaintiff the fees and costs Direct incurred in this action for work that will not be useful in the Tennessee Lawsuit (or any other case based on the same facts by any of the Opt-In Plaintiffs against Direct). *See*, *e.g.*, *Pontenberg*, 252 F.3d at 1260. Though Plaintiff correctly notes that discovery has begun recently and no depositions have been taken in the Florida Lawsuit (Doc. 73 at p.7), significant motion practice has occurred here. Eleventh Circuit precedent demonstrates that a considerable portion of the costs incurred by Direct were for work that will not be useful in the Tennessee Lawsuit, and thus may be assessed against Plaintiff. *E.g.*, *Versa Prods.*, 387 F.3d at 1328; *Young*, 2006 WL 2598962 at *2.

Specifically, Direct's work in the Florida Lawsuit has concentrated on non-dispositive procedural issues, namely, opposing Plaintiff's Motion for Leave to File Amended Complaint, Plaintiff's Motion to Transfer Venue, and Plaintiff's Rule 56(d) Motion. Direct's research, legal analysis, and document preparation has primarily concerned pleading defects, such as failure to assert a factual or legal basis for the respective relief requested. Indeed, the Court agreed with Direct as to the legal insufficiency of Plaintiff's proposed amendment, and may agree likewise that Plaintiff's transfer motion or Rule 56(d) motion are unfounded. Also, though Direct has tried to minimize the duplication of its efforts between the two

8

lawsuits, Direct has been compelled to duplicate its efforts in the Florida and Tennessee Lawsuits with respect to its case management obligations.  (Doc. 50).  At bottom, these procedural matters have little (if anything) to do with the substantive issues and merits of Plaintiff's or the other Opt-In Plaintiffs' claims, and should thus be recoverable against Plaintiff as a condition of dismissal under Rule 41(a)(2).

Plaintiff's claim that "all of Defendant's work here can be re-used in the [Tennessee Lawsuit], since that lawsuit contains the same legal issues and the same parties" is disingenuous.  (Doc. 73 at p.7.)  It has been necessarily presumed or implied in all of the decisions granting attorneys' fees conditioned upon re-filing of the lawsuit that the "re-filed" lawsuit has the same or substantially similar issues and parties as the previously-dismissed lawsuit.  That fact alone does not preclude the assessment of Direct's litigation expenses against Plaintiff.

Moreover, Plaintiff expressly represents that he wishes to dismiss the Florida Lawsuit in order to prosecute the Tennessee Lawsuit.  (Doc. 73 at p.4.)  Plaintiff, and all of the other Opt-In Plaintiffs, have filed notices of consent to join the pending Tennessee Lawsuit.[3]  The Tennessee Lawsuit is pending in the Middle District of Tennessee, Nashville Division, which falls within the jurisdiction of the Sixth Circuit Court of Appeals rather than the Eleventh Circuit Court of Appeals.  Even assuming the substantive law of these jurisdictions is the same, as would enable Direct to "re-use" legal arguments made in the Florida Lawsuit, the fact that Eleventh Circuit case law is not binding authority in the Sixth Circuit would oblige

---

[3] It is because the Opt-In Plaintiffs, including Plaintiff Coffey, have already joined in the Tennessee Lawsuit that the Court should exercise its discretion to award Direct's expenses outright, rather than making the award contingent upon the re-filing of the action.

Direct to duplicate its research to properly support its submissions in the Tennessee Lawsuit.[4]

Although the claims of the Opt-In Plaintiffs in the Tennessee Lawsuit are essentially the same as those presented in the Florida Lawsuit, the majority of Direct's activities in the Florida Lawsuit have not addressed the claims and defenses shared by these actions. Direct does not contend that *all* of the litigation expenses it incurred in this action are recoverable under Rule 41(a)(2). For example, Direct's efforts in responding to and propounding discovery and in preparing the Motion for Partial Summary Judgment are expenses incurred for work that goes to the merits of the Opt-In Plaintiff's claims against Direct, and it cannot be said those efforts will not be useful in the Tennessee Lawsuit. Nevertheless, Direct submits that a significant portion of its fees and costs incurred in this action may be fairly assessed against Plaintiff under Rule 41(a)(2). Should this Court should grant the dismissal requested by Plaintiff, it should do so in an order awarding of Direct's litigation expenses against Plaintiff, which expenses may be determined by Direct's submission of a bill of costs.

Plaintiff's reliance on *Global Aerospace, Inc. v. Platinum Jet Management, LLC*, 2001 WL 1342993 (S.D. Fla. Apr. 6, 2011), in objecting to the imposition of Direct's costs on Plaintiff is misplaced. In *Global*, the plaintiff moved for voluntary dismissal against one of several defendants, choosing instead to rely on the criminal restitution order that was to be entered against that defendant in a related criminal case. *Id.* at *2. Contrary to this action, the defendant had only limited participation in the civil suit and had not filed any substantive,

_____

[4] Furthermore, Plaintiff cannot reasonably expect Direct will use its work opposing Plaintiff's Motion to Transfer Venue in the Tennessee Lawsuit, unless the Opt-In Plaintiffs seek to transfer the Tennessee Lawsuit to another venue -- a notion wholly contrary to their professed desire to consolidate the claims in Tennessee.

in-depth motions, such as a motion for summary judgment on plaintiff's claims against him. *Id.* at *3.   Direct has filed several substantive papers in this action, including thorough responses to Plaintiff's various motions.   Also, unlike the defendant in *Global*, Direct alleges that Plaintiff should have voluntarily dismissed its claims earlier but failed to do so.   *Id.* at *2.   An award of litigation expenses under Rule 41(a)(2) in this action would be consistent with *Global* decision and would conform to the weight of decisions in the Eleventh Circuit.

Indeed, Direct asserts that significant expenses could have been prevented by a more thorough investigation of Plaintiff's case prior to filing or an earlier request for voluntary dismissal upon learning of the jurisdictional problems of prosecuting this case as a collective action of nationwide, rather than state-wide, scope.   In requesting a transfer of this action to Tennessee, Plaintiff relied on Direct's publicly-available corporate registration information showing that the address of Direct's principle office and officers is in Nashville, Tennessee.[5] (Doc. 48-2.)   That address has remain unchanged since Direct registered to do business in Florida in 1997.   Plaintiff knew as early as August 2012, when Direct advised that it did not employ the non-Florida Opt-In Plaintiffs, that Florida may not be a feasible or appropriate venue for a collective action of national scope.   The Order denying Plaintiff's attempt to amend the complaint to join one other related corporation should have alerted Plaintiff that this District would be unsuitable to maintain an action against all entities related to Direct.

---

[5] Moreover, a search of the online records of the Florida Secretary of State shows six currently-active "Direct General" related entities.   Direct General's website even contains an "About Direct" page that explains it is a holding company comprised of several insurance companies and agencies, and lists a few examples, including the entity that is Defendant here.   The fact that Direct and its affiliates operate in a decentralized corporate structure is readily discoverable from publicly-available information.

Based on these circumstances, Plaintiff should have voluntarily dismissed its claims earlier, and should bear the costs of having not done so.

*Heath v. Hard Rock Café International, Inc.*, 2011 WL 1519845, cited by Plaintiff, also supports an award of Direct's expenses against Plaintiff. The parties in *Heath* maintained positions opposite from the parties here, as after the opt-in plaintiffs' motion for conditional certification was defeated, some of the plaintiffs moved for dismissal of their FLSA claims under Rule 41(a)(2), and the remaining plaintiffs moved to transfer their claims from the jurisdiction of the defendant's headquarters to the venue of the facilities at which those plaintiff's worked. *Id.* at *1-2. Conversely, Plaintiff did not seek conditional certification in this action and has no current intent to do so. (Doc. 73 at p.5 n.3.) Moreover, the *Heath* court conditioned re-filing of certain-opt-in plaintiffs' claim on the payment of the defendant's costs incurred in the dismissed action. *Heath*, 2011 WL 1519845 at *2.

Plaintiff overlooks, once again, the fact that it is the Opt-In Plaintiffs, not Direct, who filed two separate actions on the same factual basis. Despite Plaintiff's counsel (1) having documents showing that Direct did not employ all Opt-In Plaintiffs, (2) having been advised by Direct's counsel no later than August 23, 2012, that Defendant did not employ non-Florida Opt-In Plaintiffs, and (3) having filed the Tennessee Lawsuit November 16, 2012, Plaintiff did not seek voluntary dismissal until this motion was filed February 22, 2013. In the interim, Plaintiff unconvincingly tried to amend the complaint, and then tried to transfer this action with the intent to seek consolidation with the Tennessee Lawsuit. Plaintiff is at liberty to try as many procedural mechanisms as the Rules permit, but that does not mean Plaintiff should not be required to pay Direct for the fees and costs incurred in responding to, and

protecting its interests against, Plaintiff's various maneuvers.

This Court is empowered to exercise its discretion to deter the lack of diligence of Plaintiff.  As one Middle District of Florida court observed, the "jockeying" of a case between courts of different jurisdictions is a drain on the resources of the judiciary and the parties involved and should not be condoned.  *Young*, 2006 WL 2598962 at *3 (citations omitted).  This legal maneuvering "offends Congress' intent to have the plaintiff select her forum of choice before filing her initial complaint . . . ."  *Id.* (citations omitted) (awarding fees and costs against plaintiff who sought voluntary dismissal after her motion to remand was denied).

Rule 41(a)(2) does not entitle Plaintiff to a dismissal of this action without prejudice and without accounting to Direct for the litigation expenses Plaintiff has unnecessarily subjected Direct to.  Courts in this circuit have regularly imposed the defendant's expenses on Plaintiff in similar situations, even when the defendant is taking affirmative steps in the case and not merely responding to Plaintiff's tactics.  *See Versa Prods.*, 387 F.3d at 1328; *Young*, 2006 WL 2598962, at *3.  Accordingly, should this Court be inclined to grant Plaintiff's request for dismissal, the Court should exercise its discretion to order Plaintiff to pay the fees and costs incurred by Direct's in this action.

## IV.     <u>CONCLUSION</u>

For the foregoing reasons, Direct respectfully requests the Court deny Plaintiff's Motion to Dismiss, or alternatively, award the attorneys' fees and costs incurred by Direct in this action against Plaintiff as a condition of granting Plaintiff's request for voluntary dismissal, and permit Direct to submit a bill of costs to establish those costs recoverable

under Rule 41(a)(2).

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**
Bank of America Center
390 North Orange Avenue
Post Office Box 1549
Orlando, Florida 32802
Telephone:  (407) 367-5400
Telecopier:  (407) 841-0325
*Attorneys for Defendant Direct General Insurance Agency, Inc.*

By:    /s/ Marisa E. Rosen
       Hal K. Litchford
       Florida Bar No.: 272485
       hlitchford@bakerdonelson.com
       Marisa E. Rosen
       Florida Bar No.: 73152
       mrosen@bakerdonelson.com

       and

       Jennifer P. Keller
       Tennessee BPR No.: 018062
       jkeller@bakerdonelson.com
       100 Med Tech Parkway, Suite 200
       P. O. Box 3038
       Johnson City, Tennessee 37602
       (423) 928-0181
       *Appearing by Special Admission*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 11, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

C. Ryan Morgan, Esq.                Andrew Frisch, Esq.
rmorgan@forthepeople.com            afrisch@forthepeople.com

                                    /s/ Marisa E. Rosen
                                    Marisa E. Rosen

14