**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

JOHN COFFEY,

                Plaintiff,

v.                                          Case No: 6:12-cv-987-Orl-36DAB

DIRECT GENERAL INSURANCE
AGENCY, INC.,

                Defendant.
_____/

**ORDER**

This cause comes before the Court upon the Report and Recommendation filed by Magistrate Judge David A. Baker on March 14, 2013 (Doc. 75). In the Report and Recommendation, Judge Baker recommends that the Court grant Plaintiff John Coffey's ("Plaintiff") Motion to Dismiss Lawsuit (Doc. 73) on the condition that he pay an award of Defendant Direct General Insurance Agency, Inc.'s ("Defendant") taxable costs. Doc. 75, p. 6. On April 1, 2013, Defendant filed an Objection to the Report and Recommendation ("Objection") (Doc. 76). The Report and Recommendation is ripe for review.

**I.**       **BACKGROUND**

Plaintiff filed a collective action lawsuit against his former employer, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 207 ("FLSA"). Doc. 1. Subsequently, Plaintiff filed eleven Consents to Join for Opt-in Plaintiffs, including employees who resided and worked in states outside of Florida. Doc. 75, p. 2. When Plaintiff's motion to amend to add the Direct General Insurance Agency of another state as a defendant was denied (Doc. 38), a separate nationwide collective action was filed in Tennessee – the corporate headquarters – against thirteen Direct General Insurance entities operating in various states. *Id*. All Opt-in Plaintiffs in

this action have since withdrawn their consents to join this case and have joined the Tennessee collective action. *See* Doc. 73.

The sole remaining Plaintiff in this case is Plaintiff John Coffey, who filed a Motion to Dismiss Lawsuit pursuant to Rule 41(a)(2) "so that Plaintiff and other agents of Direct General may prosecute their overtime claims together in the *Thompson* action" filed in Tennessee. Doc. 73, p. 4. Defendant filed a Response, opposing Plaintiff's Motion to Dismiss Lawsuit (Doc. 74).

In his Report and Recommendation, Magistrate Judge Baker found that Defendant would only be somewhat prejudiced by Plaintiff's dismissal at this point. Doc. 75, p. 4. Accordingly, the Magistrate Judge recommended that the Court grant Plaintiff's Motion to Dismiss Lawsuit on the condition that Plaintiff pay an award of taxable costs pursuant to 28 U.S.C. § 1920, to be determined by Defendant's submission of a bill of costs. *Id.* at 6.

On April 1, 2013, Defendant filed an Objection to the Report and Recommendation (Doc. 76), and a Request for oral argument (Doc. 77).

## II. STANDARD

Federal Rule of Civil Procedure 72(b)(2), in pertinent part, provides that "a party may serve and file specific written objections to the proposed findings and recommendations" of a magistrate judge. When a party makes a timely and specific objection to a finding of fact in a Report and Recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Jeffrey S. v. State Board of Education of State of Georgia*, 896 F.2d 507, 512 (11th Cir. 1990). The district judge may accept, reject, or modify in whole or in part, the Report and Recommendation of the magistrate judge. Fed. R. Civ. P. 72(b)(3). The

district judge may also receive further evidence or recommit the matter to the magistrate judge with further instructions. *Id.*

### III. ANALYSIS

In his Report and Recommendation, Magistrate Judge Baker recommends that Plaintiff be allowed to dismiss his case pursuant to Federal Rule of Civil Procedure 41. Doc. 75, pp. 4-6. Also, Judge Baker found that Defendant has been slightly prejudiced by Plaintiff's dismissal at this stage, and is entitled to an award of taxable costs. *Id.* at 6 (citing *Global Aerospace, Inc. v. Platinum Jet Management, LLC,* 2011 WL 1342993, *4 (S. D. Fla. 2011) (holding costs to be paid in the event that plaintiff re-file its claims against defendant); *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1258 (11th Cir. 2001) (district court was within its discretion to condition voluntary dismissal on an award of costs if Plaintiff should re-file her action)).

In its Objection, Defendant argues that the Magistrate Judge misapplied the legal standard authorizing an award of litigation expenses to the defendant when a plaintiff seeks voluntary dismissal of an action in order to re-file in another jurisdiction. Doc. 76. Although Defendant concedes that Federal Rule of Civil Procedure 41(a)(2) affords the district court "broad equitable discretion" to grant Plaintiff's voluntary dismissal, it maintains that the Court must "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Id.* (citing *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 857 (11th Cir. 1986)). Defendant argues that the Eleventh Circuit instructs that an imposition of attorney's fees and costs against a plaintiff under Rule 41(a)(2) is chiefly intended to protect a defendant from the unfairness of duplicative litigation. Doc. 76, p. 4 (citing *Versa Prods., Inc. v. Home Depot, USA, Inc.*, 387 F.3d 1325, 1328 (11th Cir. 2004); *In Re Mirabilis Ventures, Inc.*, 2011 WL 1806513 (M.D. Fla. 2011)).

3

Defendant reiterates its argument before the Magistrate Judge that Plaintiff's delay in seeking a voluntary dismissal of this action, after several months without a ruling on Plaintiff's motion to transfer, caused Defendant great prejudice. *See* Doc. 75, p. 3; Doc. 76, p. 5.

The Court agrees with the Magistrate Judge's finding that Defendant has only been prejudiced to a small degree by Plaintiff's Motion to Dismiss Lawsuit. Doc. 75, p. 4. The cases cited by Defendant are distinguishable. For example, in *Young v. Roy's Restaurant*, the plaintiff admitted to filing the case in state court, and upon defendants' filing of a notice of removal, amending her complaint solely to defeat federal question jurisdiction. 2006 WL 2598962, *3 (M.D. Fla. 2006). Subsequently, upon learning that her motion for remand was denied, plaintiff filed a motion for voluntary dismissal in order to institute a new suit in state court. *Id.* Accordingly, the *Young* court concluded that kind of "jockeying of a case from state court, to federal court, and then back to state court" drained judicial resources and warranted the court ordering plaintiff pay defendant's attorney's fees. *Id.*[1] In *In re Mirabilis Ventures*, the Court granted plaintiff's voluntary dismissal without prejudice on the condition that should plaintiff choose to re-file claims against that particular defendant, plaintiff must pay the fees and costs that defendant incurred in defending the dismissed action. 2011 WL 1806513, *1.

In contrast here, Defendant will not be severely prejudiced by granting Plaintiff's Motion to Dismiss Lawsuit. In its Objection, Defendant maintains that much of the work it has done in this case will, contrary to the Magistrate Judge's finding, not be useful in the Tennessee action. Doc. 76, p. 7. For example, Defendant argues that its work opposing Plaintiff's Motion to Transfer has been wasted. *Id.* at 8. Although Defendant concedes that the substantive claims in

---

[1] Indeed, Magistrate Judge Baker correctly distinguished *Young* from the instant case, where Defendant has not alleged the type of jockeying or manipulation present in *Young*. *See* Doc. 75, pp. 5-6.

the Tennessee and Florida actions are similar, it maintains that much of the work in this case will not be useful in the Tennessee action. *Id.* Nevertheless, the Court agrees with the Magistrate Judge, and the extensive case law, that awarding Defendant's costs and fees is typically appropriate where the defendant "has been put to considerable expense in preparing for trial." *McCants*, 781 F.3d at 860. That simply is not the case here. Moreover, Plaintiff has not engaged in the type of jockeying that warrants the award of attorney's fees in other instances. *See Young*, 2006 WL 2598962, *3; *Versa*, 387 F.3d 1325, 1328 (11th Cir. 2004) (plaintiff sought voluntary dismissal after defendant had successfully moved to transfer to another state). Accordingly, Defendant here is entitled to an award of taxable costs only.

Therefore, after careful consideration of the Report and Recommendation of the Magistrate Judge, in conjunction with an independent examination of the court file, the Court is of the opinion that the Magistrate Judge's Report and Recommendation should be adopted, confirmed, and approved in all respects.

Accordingly, it is hereby **ORDERED and ADJUDGED**:

1. The Report and Recommendation of the Magistrate Judge (Doc. 75) is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review.

2. Plaintiff John Coffey's Motion for Voluntary Dismissal (Doc. 73) is **GRANTED in part**:

    a) Plaintiff's claims against Defendant in this action are dismissed.

    b) Plaintiff is ordered to pay an award of Defendant's taxable costs pursuant to 28 U.S.C. § 1920. Defendant is ordered to submit a bill of costs within **fourteen (14) days** from the date of this Order.

3. Defendant's Request for oral argument (Doc. 77) is **DENIED.**

4. The Clerk is directed to terminate all pending motions and deadlines and close this case.

**DONE** and **ORDERED** in Orlando, Florida on April 3, 2013.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

**Copies furnished to:**
Counsel of Record
Unrepresented Parties
U.S. Magistrate Judge David A. Baker